B. James Fitzpatrick (SBN: 129056)
Laura L. Franklin (SBN: 282642)
FITZPATRICK & SWANSTON
555 S. Main Street
Salinas, CA 93901
Telephone: (831) 755-1311
Facsimile:  (831) 755-1319
bjfitzpatrick@fandslegal.com
lfranklin@fandslegal.com


Larry W. Lee (SBN: 228175)
Kristen Agnew (SBN: 247656)
DIVERSITY LAW GROUP, P.C.
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone: (213) 488-6555
Facsimile (213) 488-6554
lwlee@diversitylaw.com
kagnew@diversitylaw.com

Attorneys for Plaintiff and the Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCORRO SENA, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>TAYLOR FARMS RETAIL, INC.; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 24-cv-07793-SVK<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **VIOLATION OF LABOR CODE §§ 1194, 1197 and 1197.1; and**<br><br>(2) **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*** |

Plaintiff Socorro Sena ("Plaintiff") hereby submits this first amended class action complaint ("Complaint") against Defendant Taylor Farms Retail, Inc. ("Defendant"), and Does 1 through 50 (collectively, "Defendants"), on behalf of herself and a class of all other similarly situated current and former employees of Defendant for penalties, damages and/or restitution, as follows:

## INTRODUCTION

1.   This class action is within the Court's jurisdiction under California Labor Code sections 201, 202, 203, 1194, 1197 and 1197.1, California Business and Professions Code section 17200, *et seq.* (the "UCL"), and the applicable Wage Orders of the California Industrial Welfare Commission ("IWC").

2.   This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and the UCL against individuals who worked for Defendant.

3.   Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by: (a) failing to pay all minimum and reporting time wages, in violation of Labor Code sections 1194, 1197 and 1197.1; (b) failing to pay all earned wages upon separation of employment, in violation of Labor Code sections 201, 202 and 203; and (c) engaging in unfair business practices in violation of Business and Professions Code section 17200, *et seq.*, the California Labor Code, and the applicable IWC Wage Orders.

4.   Plaintiff is informed and believes, and based thereon alleges, that Defendant has engaged in, among other things a system of willful violations of the California Labor Code and the applicable IWC Wage Orders by creating and maintaining policies, practices, and customs that knowingly deny employees the above stated rights and benefits.

5.   The policies, practices, and customs of Defendant described above and below have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the California Business and Professions Code.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the violations of the California Labor Code sections 201, 202, 203, 1194, 1197 and 1197.1, the UCL, and the applicable Wage Orders.

7. Venue is proper in Monterey County because Defendant maintains operations in Monterey County. This matter was subsequently removed by Defendant to federal court, pursuant to 28 U.S.C. § 1441(a).

8. Plaintiff and Defendant are parties to a written arbitration agreement. Pursuant to the arbitration agreement, on June 5, 2024, Plaintiff filed a demand for arbitration with JAMS. Defendant failed to remit the fees and costs to initiate the arbitration proceeding within 30 days after the due date, as required by Civil Procedure sections 1281.97 and 1281.98. As such, Plaintiff elected to withdraw the claim from arbitration and proceed in a court.

9. The Labor Code violations alleged by Plaintiff are not subject to the Collective Bargaining Agreement by and between General Teamsters Union Local 890 and Defendant or any other collective bargaining agreement.

## PARTIES

10. Plaintiff was employed by Defendant from approximately October 2019 through approximately April 2023. For the duration of her employment, Plaintiff was an hourly, non-exempt employee.

11. Plaintiff is informed and believes, and based thereon alleges, that Taylor Farms Retail, Inc. is a corporation incorporated under the laws of the State of California and registered to do business in the State of California. Plaintiff is informed and believes, and based thereon alleges, that Defendant is authorized to and does conduct business throughout the State of California, and has purposefully availed itself of the privileges and benefits of doing business in the State of California.

12. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Does 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. As such, and based upon all the facts and circumstances incident to Defendants' business,

Defendants are subject to the California Labor Code and the UCL.

13. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this Complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14. At all times herein mentioned, each defendant participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and furthermore, Defendants, and each of them, were the agents, servants, and employees of each of the other defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

15. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

16. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership, and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, and common enterprise.

17. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission

complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

18. **Definition**: The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure section 382. Plaintiff proposes the following class: all current and former non-exempt employees of Defendant in the State of California during the period of September 26, 2020 through the present ("Class" or "Class Members").

19. **Numerosity and Ascertainability**: The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendant's records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendant: (a) failed to pay all minimum and reporting time wages, in violation of Labor Code sections 1194, 1197 and 1197.1; (b) failed to pay all earned wages upon separation of employment, in violation of Labor Code sections 201, 202 and 203; and (c) engaged in unfair business practices in violation of Business and Professions Code section 17200, *et seq.*, the California Labor Code, and the applicable IWC Wage Orders.

20. **Adequacy of Representation**: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class and the individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

21. **Common Question of Law and Fact**: There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendant's policy and practice of: (a) failing to pay all minimum and reporting time wages, in violation of Labor Code sections 1194, 1197 and 1197.1; (b) failing to pay all earned wages upon separation of employment, in violation of Labor Code sections

**FIRST AMENDED COMPLAINT**

201, 202 and 203; and (c) engaging in unfair business practices in violation of Business and Professions Code section 17200, *et seq.*, the California Labor Code, and the applicable IWC Wage Orders.

22. **Typicality**: The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harms alleged in this Complaint in a similar and typical manner as the Class Members. As with other non-exempt employees, beginning in or around March 2020, Plaintiff was required by Defendant to form and wait in a line at the beginning of each workday in order to undergo temperature screenings prior to being allowed entry into the facility. The process of waiting in line and undergoing said temperature screenings took, on average, approximately five to ten minutes each workday. Defendant required employees to undergo such temperature screenings without compensation, regardless of how long the screening process took. Plaintiff is informed and believes and thereon alleges that these pre-shift temperature screenings were implemented pursuant to Defendant's policies concerning the admission of workers to its facility during the COVID-19 pandemic.

23. During Plaintiff's employment with Defendant, Defendant maintained a policy and practice by which it routinely scheduled employees to work shifts for which they were required to call or text to ascertain their starting time for that workday ("Call-In Shifts"). Plaintiff was subject to discipline, up to and including termination, if she failed to call or text each day at the call-in time designated for such Call-In Shifts. Plaintiff was further subject to discipline, up to and including termination, if she failed to physically report to the workplace at the shift start time communicated to her via this mandatory call-in process. At all relevant times, Defendant failed and refused to compensate Plaintiff for time spent calling or texting each day she was scheduled for a Call-In Shift. In addition, for employees who were required to call in or text but then told not to physically report to work, Defendant failed to pay reporting time pay and/or minimum wages to such employees for the time they were required to keep available for the Call-In Shift.

24. To date, Plaintiff has not received the unpaid wages owed to her. Thus, Defendant is liable for waiting time penalties under Labor Code section 203.

25. Therefore, Plaintiff is a member of the Class and has suffered the alleged

-6-
**FIRST AMENDED COMPLAINT**

violations of California Labor Code sections 201, 202, 203, 1194, 1197 and 1197.1, and the UCL.

26. The California Labor Code upon which Plaintiff bases these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

27. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

28. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

29. Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an

entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for unpaid wages, including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code sections 218.5, and 1194, the applicable IWC Wage Orders, and Code of Civil Procedure section 1021.5.

30. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

31. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 1194, 1197 and 1197.1

## (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

32. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

33. This cause of action is brought pursuant to California Labor Code sections 1194, 1197 and 1197.1, which require an employer to pay employees all earned minimum wages.

34. Moreover, the IWC Wage Orders require an employer to pay non-exempt employees reporting time pay when employees report to a scheduled shift, but are not permitted to work, and/or when employees report to a scheduled shift, but are only permitted to work less than half of their scheduled shift. This cause of action is also brought pursuant to the applicable IWC Wage Orders, which require an employer to pay reporting time pay to employees at their regular rate of pay for at least half of the employee's scheduled day's work, with a minimum of two (2) hours pay and a maximum of four (4) hours pay.

35. As a pattern and practice, beginning in or around March 2020, Class Members were required by Defendant to form and wait in a line at the beginning of each workday in order to undergo temperature screenings prior to being allowed entry into the facility. The process of waiting in line and undergoing said temperature screenings took, on average,

approximately five to ten minutes each workday. Defendant required Class Members to undergo such temperature screenings without compensation, regardless of how long the screening process took. Plaintiff is informed and believes and thereon alleges that these pre-shift temperature screenings were implemented pursuant to Defendant's policies concerning the admission of workers to its facility during the COVID-19 pandemic.

36. Furthermore, Defendant maintained a policy and practice by which it routinely scheduled Class Members to work shifts for which they were required to call or text to ascertain their starting time for that workday ("Call-In Shifts"). Class Members were subject to discipline, up to and including termination, if they failed to call or text each day at the call-in time designated for such Call-In Shifts. Class Members were further subject to discipline, up to and including termination, if they failed to physically report to the workplace at the shift start time communicated to the employee via this mandatory call-in process. At all relevant times, Defendant failed and refused to compensate Class Members for time spent calling or texting each day they were scheduled for a Call-In Shift. In addition, for Class Members who were required to call in or text but then told not to physically report to work, Defendant failed to pay reporting time pay and/or minimum wages to such employees for the time they were required to keep available for the Call-In Shift.

37. Plaintiff is informed and believes, and based thereon alleges, that Defendant willfully failed to pay employees all minimum and reporting time pay, pursuant to the California Labor Code and the applicable IWC Wage Orders, and that Plaintiff and Class Members are owed wages for the violations set forth above.

38. Plaintiff is informed and believe, and based thereon allege, that Defendant's willful failure to pay Plaintiff and Class Members the wages due and owing to them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages are due. Therefore, Class Members who have separated from employment are entitled to compensation pursuant to Labor Code section 203.

39. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the

full amount of wages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code sections 201, 202, 203, 218.5, 1194, 1197 and 1197.1, and the IWC Wage Orders.

## SECOND CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*

## (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

40. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

41. Defendant has engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above, including by failing to pay all minimum and reporting time wages, in violation of Labor Code sections1194, 1197 and 1197.1.

42. Defendant's utilization of such unfair and unlawful business practices constitutes unfair and unlawful competition and provides an unfair advantage over Defendant's competitors.

43. Plaintiff seeks, individually and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendant by means of the unfair practices complained of herein.

44. Plaintiff is informed and believe, and based thereon allege, that at all times herein mentioned Defendant has engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business & Professions Code section 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the Class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed class;

2. For an order appointing Plaintiff as the representative of the class as described herein;

3. For an order appointing counsel for Plaintiff as class counsel;

4. As to the First Cause of Action, for wages, damages and/or penalties pursuant to Labor Code sections 201, 202, 203, 1194, 1197 and 1197.1, and the Wage Order;

5. As to the Second Cause of Action, for restitution of unpaid wages to Plaintiff, and for prejudgment interest from the day such amounts were due and payable pursuant to Business and Professions Code section 17200 et seq.;

6. As to All Causes of Action, for attorneys' fees and costs provided by Labor Code sections 218.5, 1194 and Code of Civil Procedure section 1021.5; and

7. For such other and further relief as the Court may deem equitable and appropriate.

Dated: December 27, 2024

FITZPATRICK & SWANSTON
DIVERSITY LAW GROUP, P.C.

By: ___/s/ B. James Fitzpatrick___
B. James Fitzpatrick
Larry W. Lee
Attorneys for Plaintiff and the Class